**Petition for Naturalization of
Francesco STRATI.
No. 198914.**

United States District Court
E. D. Pennsylvania.
Aug. 24, 1954.

Filindo B. Masino, Philadelphia, Pa.,
for petitioner.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for the United States.

GRIM, District Judge.

The petitioner in the present case served honorably in the United States Army from May 31, 1918 to June 17, 1919. On the basis of this military service he was naturalized on February 27, 1920. His citizenship, however, was cancelled on June 20, 1936, on the ground that he had established a permanent residence in Italy within five years after being naturalized. He is now attempting to use his military service in World War I for the second time as a basis for naturalization. He filed his petition for naturalization on October 14, 1953, which was after the effective date of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq.

Under the statutes as they existed prior to the passage of the Immigration and Nationality Act of 1952 the petitioner unquestionably could have used his military service more than once as a basis for naturalization. The question in the present case is whether or not the Act of 1952 prevents him from doing this.

The Immigration and Nationality Act of 1952 repealed the previous statute, Sec. 324a of the Nationality Act of 1940, as amended, which made it possible to use military service as the basis for naturalization and provides, 8 U.S.C.A. § 1440(a):

"Any person, who, while an alien * * * has served honorably in an active-duty status in the military, air, or naval forces of the United States during * * * World War I * * * may be naturalized as provided in this section * * *. No period of service in the Armed Forces shall be made the basis of a petition for naturalization under this section if the applicant has previously been naturalized on the basis of the same period of service."

If that were the only reference in the Act of 1952 to the question presented by the present petition obviously the petitioner would have no right to be naturalized on the basis of his military service, but it is not. The savings clause in the Act of 1952 provides:

"Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any * * * petition for naturalization * * * or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any * * * status, condition, right in process of acquisition * * * done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect." 8 U.S.C.A. § 1101 note.

When the savings clause is condensed further it reads:

"Nothing contained in this Act * * * shall be construed to affect the validity of any * * * status *. * * existing, at the time this Act shall take effect; but as to all such * * * things * * * the statutes or parts of statutes repealed by this Act are * * * hereby continued in force and effect."

Before the Act of 1952 went into effect veterans of World War I had a status [1] which gave them a preferred position over non-veterans in naturalization cases. This preferred position gave them two privileges (1) to use their military service as a ground for naturalization and (2) to use their military service as a ground for naturalization more than once if it should be necessary (as the petitioner finds it in the present case) to apply for citizenship more than one time. The Act of 1952 took away the second privilege which went with the preferred status, but at the same time by its savings clause it provided that the Act should not be construed to affect the validity of any status existing when the Act took effect.

On December 24, 1952, the effective date of the Act of 1952, petitioner's status as a United States Army veteran of World War I gave him the right to use his military service more than one time as a ground for naturalization. By the savings clause of the Act of 1952 his status existing on that day was "continued in force and effect." By virtue of his preserved status, therefore, he has a right in the present proceeding to use his military service as a basis for naturalization for the second time, but for the first time under the Act of 1952. After he is granted citizenship on the basis of his military service pursuant to the 1952 Act he is prohibited by that Act from making this service the basis of any future petition for naturalization, should that ever become necessary.

In Ex parte Robles-Rubio, D.C.N.D. Cal.S.D.1954, 119 F.Supp. 610, 613, the Government attempted to deport an alien on the ground that he had been convicted of a violation of the narcotic law, a crime which requires deportation under the Act of 1952. The alien opposed deportation contending in substance that he had a status when the 1952 Act took effect which relieved him from deportation, the status being that the judge who sentenced him in the narcotics case had recommended that he should not be deported. The Government took the position that, since under the Act of 1952 the recommendation of the sentencing judge against deportation was no longer of any significance in a narcotics case, the alien had to be deported. Judge Goodman in a well reasoned opinion held that by virtue of the savings clause in the Act of 1952 the sentencing judge's recommendation, made under the prior law, that the alien should not be deported continued to relieve the alien from de-

---

1. Veterans of other wars also had this status.

portation as a narcotics offender, saying at page 613–614: "The breadth of the savings clause is indicative of the Congressional awareness that the 1952 Act would inevitably have unforeseen effects upon pre-existing statuses and conditions, and the Congressional desire to avoid such effects in so far as possible."

The Robles-Rubio case is closely analogous to the present case. In the Robles-Rubio case a judicially created status and in the present case a statutorily created status were continued and preserved by virtue of the savings clause in the 1952 Act.

Accordingly, the petition for naturalization will be granted.